# EXHIBIT "A"

# EXHIBIT "A"

Electronically Filed
9/14/2020 10:16 AM
Steven D. Grierson
CLERK OF THE COURT

**COMP**
SCOTT L. POISSON
Nevada Bar No.: 10188
JAMIE H. CORCORAN, ESQ.
Nevada Bar No.: 11790
**BERNSTEIN & POISSON**
320 South Jones
Las Vegas, Nevada 89107
(702) 256-4566
(702) 256-6280 fax
jamie@vegashurt.com
Attorneys for Plaintiff

CASE NO: A-20-821104-C
Department 32

## DISTRICT COURT

## CLARK COUNTY, NEVADA

| | |
|---|---|
| Rachelle Lockhart, individually; | CASE NO.: |
| Plaintiff, | DEPT. NO.: |
| vs. | |
| Smith's Food & Drug Centers, Inc.; and DOES 1 through 100; and ROE CORPORATIONS 101 through 200 | |
| Defendants. | |

### COMPLAINT

Plaintiff, through counsel, sues Defendants and alleges as follows:

1. This is an action for damages in excess of Fifteen Thousand Dollars ($15,000.00), exclusive of interest and costs.

2. At all times material, Plaintiff was and is present in Clark County, State of Nevada

3. At all times material, Defendant, Smith's Food & Drug Centers, Inc. (hereinafter "Smith's") was doing business in Clark County, Nevada and is subject to jurisdiction in Clark County, Nevada.

4. Upon information and belief, Defendant, Smith's, owned and/or operated,

and/or managed certain property located at around Jones and Vegas Drive in Clark County located at or around 1000 Green Valley Parkway, in Clark County, Nevada, and commonly referred to as Smiths, and/or Smiths Food and Drug Store, and/or Kroger West, and/or Kroger, and/or store M706.

5. Upon information and belief, at all times material herein, Doe and Roe Defendants 1 through 200 were legal residents/entities of Clark County, Nevada, and authorized to do business by the State of Nevada, and/or were employees, agents, or servants of Defendants.

6. The true names and capacities Defendants, Doe and Roe 1 through 200, are unknown. Plaintiff alleges that the Defendants Doe and Roe 1 through 200 were responsible for the Plaintiff's injuries; and are liable for Plaintiff's damages. Plaintiff will ask leave of court to amend this Complaint and insert the names and capacities of Doe and Roe 1 through 200 when they are discovered. The DOE 1 is the unknown actual legal owner of the property. The DOE 2 is the unknown maintenance and/or cleaning and/or janitorial company responsible for cleaning and upkeep on the property. The DOE 3 is the unknown property management company. The DOE 4 is the true legal owner and/or corporate owner of the property. The DOE 5 is the unknown employees, contractors, or agents that caused or failed to clean the hazard.

## FACTUAL BACKGROUND

7. On or about November 6, 2019, Plaintiff was lawfully on Defendant's property as a guest.

8. Plaintiff, while lawfully on the premises slipped and fell on a foreign substance on the ground.

9. As a result, Plaintiff suffered severe bodily injury.

10. Defendant, and each of them, known and unknown, owed a duty to warn Plaintiff of perils that would foreseeably harm her, including placing warnings, cleaning timely, and maintaining the premises safely.

11. Defendant, and each of them, known and unknown, through its employees and/or contractors owed Plaintiff a duty to use due care in the monitoring, maintenance, cleaning, and operation of the premises.

12. Defendant, and each of them, known and unknown, directly and through its agents and employees owed a duty to maintain a safe premises to protect persons such as plaintiff from harm.

### I. Negligence/ Premises Liability

13. Plaintiff realleges each of the foregoing allegations contained in paragraphs 1 through 12 as if fully set forth herein.

14. At all times material, Defendant, and each of them, known and unknown, through its employees and/or agents was in control of, and responsible for maintaining the premises in a reasonably safe condition to protect persons, such as Plaintiff, from harm.

15. Defendant, and each of them, known and unknown, breached its duty to Plaintiff in one or more of the following respects, but not limited to:
    a. Failure to exercise reasonable care in performing routine cleaning/ maintenance/stocking of the premises.
    b. Failure to warn plaintiff of dangerous conditions on the premises.
    c. Failure to inspect for dangerous conditions on the premises.

      d. Failure to cure dangerous conditions on the premises.

      e. Failure to timely and properly maintain its premises

      f. Failing to fix known defects and/or hazards.

      a. Failure to follow safety protocol.

      g. Failing to provide adequate safeguards in place to prevent accidents from occurring

      h. Failing to clean or warn once on notice of the hazard.

16. Defendant, through its employees and/or agents, knew or should have known of the dangerous condition and risks therein.

17. As a result of Defendant's, and each of them known and unknown, negligence, Plaintiff suffered serious bodily injury.

18. In addition to their direct liability, Defendants, and each of them, were and are vicariously liable for the acts and omissions of any staff, agents, apparent agents, servants, contractors, employees or by such other persons or entities, consultants, independent contractors, whether in house or outside, entities, individuals, agencies or pools which in any manner caused or contributed to Plaintiff's irreparable harm and damage through respondeat superior.

19. Defendant's, and each of them, known and unknown, breach of these duties directly and proximately caused Plaintiff's injuries.

20. Plaintiff has suffered injury and damages in an amount in excess of $15,000.00.

## II. NEGLIGENT HIRING/SUPERVISION

21. Plaintiff re-alleges each of the foregoing allegations contained in paragraphs 1 through 20 as if fully set forth herein.

22. In addition to their direct liability, Defendants, and each of them, known and unknown, were and are vicariously liable for the acts and omissions of any staff, agents, apparent agents, servants, contractors, employees or by such other persons or entities, consultants, independent contractors, whether in house or outside, directly employed or not, entities, individuals, agencies or pools which in any manner caused or contributed to Plaintiff's irreparable harm and damage.

23. At all times relevant herein, Defendants, through its agents, servants and/or employees thereof, were acting within the scope of employment with the knowledge, permission and consent of it's employer(s) and/or contractors. Therefore, employer(s) are responsible and liable for all of its employee's negligent conduct set forth herein under the theory of respondeat superior.

24. Upon information and belief, Defendants employed janitorial and maintenance personnel, design teams, management, stockers, contractors, installers, and other supervisory personnel for the purpose of supervising employees, patrons, guests and invitees and maintaining said property and said buffet in a reasonably safe and suitable condition.

25. At all times material, Defendant was in control of, and responsible for training, hiring, and/or screening employees/contractors, including the worker who struck plaintiff, working on its premises, in a way designed to protect persons such as Plaintiff from harm.

26. Defendant, and each of them, known and unknown, breached its duty to Plaintiff in one or more of the following respects, but not limited to:

    a. Failing to adequately supervise employees, agents, contractors and/or subsidiaries.

      b. Failing to adequately train employees, agents, contractors and/or subsidiaries.

      c. Failing to adequately screen potential employees, agents, contractors and/or subsidiaries before their hiring/contracting.

      d. Failing to follow safety protocol.

27. Defendant, and each of them, known and unknown, breach of these duties directly and proximately caused Plaintiff's injuries.

28. Plaintiff has suffered injury and damages in an amount in excess of $15,000.00 subject to proof at trial.

29. At all times relevant herein, DOE Defendants, through its agents, servants and/or employees thereof, were acting within the scope of employment with the knowledge, permission and consent of it's employer(s) and/or contractors. Therefore, employer(s) are responsible and liable for all of it's employee's negligent conduct set forth herein under the theory of respondeat superior.

30. Plaintiff has suffered injury and damages in an amount in excess of $15,000.00 subject to proof at trial.

WHEREFORE, Plaintiff, expressly reserving her right to amend this complaint at the time of, or prior to trial, prays for judgment against the Defendants, and each of them, as follows:

1. For General and Special Damages sustained by Plaintiff in a sum in excess of $15,000.00;
2. For Attorney's Fees and Costs of suit incurred herein;
3. For interest at the statutory rate;
4. For such other relief as this Court deems appropriate.

Dated: September 14th_, 2020

BERNSTEIN AND POISSON

/s/ Jamie H. Corcoran
SCOTT L. POISSON, ESQ,
Nevada Bar No.:10188
JAMIE H. CORCORAN,, ESQ.
Nevada Bar No.: 11790
320 South Jones
Las Vegas, Nevada 89107
(702) 256-4566
Attorneys for Plaintiff

**Electronically Filed**
**10/12/2020 3:21 PM**
**Steven D. Grierson**
**CLERK OF THE COURT**

PSER
BERNSTEIN & POISSON LLP
320 S JONES BLVD
LAS VEGAS, NV 89107
(702) 256-4566

## DISTRICT COURT
## CLARK COUNTY, NEVADA

| | |
|---|---|
| RACHELLE LOCKHART<br>Plaintiff | Case Number: A-20-821104-C |
| vs | Dept: |
| SMITH'S FOOD & DRUG CENTERS, INC<br>Defendant | PROOF OF SERVICE |

DUSTIN GROSS, deposes and says: that at all times herein I am a citizen of the United States, over 18 years of age and not a party to nor interested in the proceeding in which this statement is made.

Affiant received a copy of the:
**SUMMONS; COMPLAINT**

I served the same on **10/02/2020** at **1:06 PM** to:

**Defendant SMITH'S FOOD & DRUG CENTERS, INC., BY SERVING CORPORATION SERVICE COMPANY, REGISTERED AGENT**

by leaving the copies with or in the presence of **KRIS OSBORN, CORPORATE SPECIALIST**, at 112 N CURRY ST, CARSON CITY, NV 89703, pursuant to **NRS 14.020**.

Pursuant to NRS 53.045, I declare under penalty
of perjury under the law of the State of Nevada that
the forgoing is true and correct.

Executed: Tuesday, October 6, 2020

DUSTIN GROSS, R-2020-09090
Battle Born Process Service, NV PILB LIC #1876
3710 Grant Drive, Ste. L
Reno, NV 89509
775-507-7188

P-1933706.01

Case Number: A-20-821104-C

Electronically Filed
10/22/2020 2:49 PM
Steven D. Grierson
CLERK OF THE COURT

```
ANSC
JERRY S. BUSBY
Nevada Bar #001107
GREGORY A. KRAEMER
Nevada Bar #010911
COOPER LEVENSON, P.A.
3016 West Charleston Boulevard - #195
Las Vegas, Nevada 89102
(702) 366-1125
FAX: (702) 366-1857
jbusby@cooperlevenson.com
gkraemer@cooperlevenson.com
Attorneys for Defendant
SMITH'S FOOD & DRUG CENTERS, INC.
```

## DISTRICT COURT

## CLARK COUNTY, NEVADA

| | |
|---|---|
| Rachelle Lockhart, individually,<br><br>Plaintiff,<br><br>vs.<br><br>Smith's Food & Drug Centers, Inc.; and DOES 1 through 100; and ROE CORPORATIONS 101 through 200<br><br>Defendants. | CASE NO.: A-20-821104-C<br>DEPT NO.: XXXII<br><br>**DEFFENDANT SMITH'S FOOD & DRUG CENTERS, INC.'S ANSWER TO PLAINTIFF'S COMPLAINT** |

COMES NOW, Defendant, SMITH'S FOOD & DRUG CENTERS, INC., by and through its attorney of record, JERRY S. BUSBY, ESQ., of the law firm COOPER LEVENSON, P.A., and hereby answers Plaintiff's Complaint on file herein as follows:

### I.

This answering Defendant states that it does not have sufficient knowledge or information upon which to base a belief as to the truth of the allegations contained in Paragraphs 1, 2, 5, 6, 7, 8 and 9 of Plaintiff's Complaint and upon said ground, denies each and every allegation contained therein.

### II.

Paragraphs 3, 10, 11 and 12 of Plaintiff's Complaint state a legal conclusion which is the sole province of the Court to determine. This answering Defendant therefore denies said Paragraphs.

CLAC 6001338.1

**III.**

This answering Defendant denies the allegations contained in Paragraph 4 of Plaintiff's Complaint.

**IV.**

This answering Defendant, in response to Paragraph 13 of that portion of Plaintiff's Complaint entitled "**I. Negligence/Premises Liability**" incorporates herein by reference each and every answer previously alleged to the Paragraphs which the Plaintiff has realleged by incorporation.

**V.**

his answering Defendant states that it does not have sufficient knowledge or information upon which to base a belief as to the truth of the allegations contained in Paragraphs 14 and 20 of that portion of Plaintiff's Complaint entitled "**I. Negligence/Premises Liability**" and upon said ground, denies each and every allegation contained therein.

**VI.**

This answering Defendant denies the allegations contained in Paragraphs 15, 16, 17 and 19 of that portion of Plaintiff's Complaint entitled "**I. Negligence/Premises Liability**".

**VII.**

Paragraph 18 of that portion of Plaintiff's Complaint entitled "**I. Negligence/Premises Liability**" states a legal conclusion which is the sole province of the Court to determine. This answering Defendant therefore denies said Paragraph.

**VIII.**

This answering Defendant, in response to Paragraph 21 of that portion of Plaintiff's Complaint entitled "**II. NEGLIGENT HIRING/SUPERVISION**" incorporates herein by reference each and every answer previously alleged to the Paragraphs which the Plaintiff has realleged by incorporation.

**IX.**

Paragraphs 22, 25 and 29 of that portion of Plaintiff's Complaint entitled "**II. NEGLIGENT HIRING/SUPERVISION**" state a legal conclusion which is the sole province of the Court to determine. This answering Defendant therefore denies said Paragraphs.

**X.**

This answering Defendant states that it does not have sufficient knowledge or information upon which to base a belief as to the truth of the allegations contained in Paragraphs 23, 28 and 30 of that portion of Plaintiff's Complaint entitled "**II. NEGLIGENT HIRING/SUPERVISION**" and upon said ground, denies each and every allegation contained therein.

**XI.**

This answering Defendant denies the allegations contained in Paragraphs 24, 26 and 27 of that portion of Plaintiff's Complaint entitled "**II. NEGLIGENT HIRING/SUPERVISION**".

**AFFIRMATIVE DEFENSES**

**FIRST AFFIRMATIVE DEFENSE**

Plaintiff did not use reasonable diligence to care for her injuries, thereby aggravating said injuries as a result. Therefore, Plaintiff's claims against this answering Defendant should be denied, or any recovery reduced in proportion to said negligence of Plaintiff.

**SECOND AFFIRMATIVE DEFENSE**

At the time and place alleged in Plaintiff's Complaint, and for a period of time prior thereto, Plaintiff did not exercise ordinary care, caution, or prudence for the protection of her own safety, and injuries and damages complained of by Plaintiff in the Complaint, if any, were directly and proximately caused or contributed to by the fault, failure to act, carelessness, and negligence of Plaintiff, and therefore Plaintiff's claims against this answering Defendant should be denied, or any recovery reduced in proportion to said negligence of Plaintiff.

///
///
///
///
///
///
///
///

WHEREFORE, this answering Defendant prays that Plaintiff take nothing by virtue of her Complaint on file herein; for costs and disbursements incurred in this action; and for such other and further relief as to the Court may deem proper.

Dated this 22nd day of October, 2020.

                COOPER LEVENSON, P.A.

By   /s/ Jerry S. Busby
       Jerry S. Busby
       Nevada Bar No. 001107
       Gregory A. Kraemer
       Nevada Bar No. 010911
       3016 West Charleston Boulevard - #195
       Las Vegas, Nevada 89102
       Attorneys for Defendant
       SMITH'S FOOD & DRUG CENTERS, INC.

CLAC 6001338.1

# CERTIFICATE OF SERVICE

Pursuant to NRCP 5(b), I certify that I am an employee of COOPER LEVENSON, P.A. and that on this 22nd day of October, 2020, I did cause a true copy of the foregoing **DEFFENDANT SMITH'S FOOD & DRUG CENTERS, INC.'S ANSWER TO PLAINTIFF'S COMPLAINT** to be served upon each of the parties listed below via electronic service through the Eighth Judicial District Court's Odyssey E-File and Serve System:

Jamie H. Corcoran, Esq.
BERNSTEIN & POISSON
320 South Jones Boulevard
Las Vegas, NV 89107
Attorneys for Plaintiff

By  /s/ Theresa H. Rutkowski
    An Employee of
    COOPER LEVENSON, P.A.

5

CLAC 6001338.1

Electronically Filed
11/4/2020 2:37 PM
Steven D. Grierson
CLERK OF THE COURT

**REA**
Scott L. Poisson, Esq.
Nevada Bar No. 10188
Jamie H. Corcoran, Esq.
Nevada Bar No. 11790
**BERNSTEIN & POISSON**
320 S. Jones Blvd.
Las Vegas, Nevada 89107
Telephone: (702) 877-4878
Facsimile: (702) 256-6280
Email: jamie@vegashurt.com
*Attorneys for Plaintiff*

## DISTRICT COURT

## CLARK COUNTY, NEVADA

| | |
|---|---|
| Rachelle Lockhart, individually; | Case No.: A-20-821104-C |
| Plaintiff, | Dept. No.: XXXII |
| vs. | |
| Smith's Food & Drug Centers, Inc.; and DOES 1 through 100; and ROE CORPORATIONS 101 through 200 | |
| Defendants. | |

### REQUEST FOR EXEMPTION FROM ARBITRATION

Plaintiff requests this matter be exempted from arbitration according to Nevada Arbitration Rules 3 and 5, because this case could receive a jury award greater than $50,000.

This is a premises liability action. On November 6, 2019, Plaintiff was on Defendants premises when she slipped and fell on liquid on the ground. As a result of the incident, Plaintiff has suffered severe and debilitating injuries. Plaintiff's medical bills alone at this time are over $90,000.00.

Page 1 of 4

## MEDICAL SPECIALS

| | |
|---|---:|
| Radiology Associates of Nevada | $ 162.00 |
| Vituity NV Koury Partners | $ 817.00 |
| Henderson Fire Department | $ 1,165.67 |
| ATI Physical Therapy | $ 1,584.73 |
| Dr. Jay P. Mahajan (Las Vegas Neurology Center) | $ 2,159.50 |
| Dr. Stephen A. Gephardt | $ 2,368.80 |
| Doctors Center Family and Urgent Care | $ 2,515.00 |
| St Rose Dominican Hospital DOS 11/06/19 | $ 6,916.00 |
| St Rose Dominican Hospital DOS 11/10/19 | $ 8,101.00 |
| Desert Radiology | $10,867.74 |
| Perceptions Counseling Center | $ 1,275.00 |
| Desert Radiologists | $ 10,867.74 |
| Minimally Invasive Hand Institute | $14,360.00 |
| Red Rock Surgery Center | $ 13,345.36 |
| The Hand and Wrist Specialty Center | $15,360.00 |
| Total | $ 91,864.74 |

The medical specials received so far in this case are over $90,000. Plaintiff also has months of pain and suffering and lifelong ailments related to his injuries. This case could receive a jury award greater than the Arbitration Program jurisdictional cap. Therefore, Plaintiff moves that this matter be summarily exempted from Arbitration.

I hereby certify pursuant to NRCP 11 this case to be within the exemption(s) marked above and am aware of the sanctions which may be imposed against any attorney or party who without good cause or justification attempts to remove a case from the arbitration program.

Dated this __4th__ day of November, 2020.

**BERNSTEIN & POISSON**

__/s/ Jamie H. Corcoran_____

SCOTT S. POISSON, ESQ.
Nevada Bar No.: 10188
JAMIE H. CORCORAN, ESQ.
Nevada Bar No.: 11790
320 South Jones Blvd.
Las Vegas, Nevada 89107
(702) 256-4566
Attorneys for Plaintiff

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that I am over the age of eighteen years and I am an employee of Bernstein & Poisson. On the _4th_ day of November 2020, a true and correct copy of the foregoing **Request for Exemption** was sent to all interested parties, via fax and the **Court's electronic service system (PACER/EDCR 8.05, WIZNET).**

Jerry Busby, Esq.
Cooper Levenson, P.A.
3016 West Charleston #195
LAS VEGAS, NEVADA 89102
*Attorney for Defendant*

By: /s/ Montserrat Ramirez

An Employee of: Bernstein & Poisson

Page 4 of 4

Electronically Filed
11/19/2020 1:05 PM
Steven D. Grierson
CLERK OF THE COURT

CDRG

# DISTRICT COURT

## CLARK COUNTY, NEVADA

Rachelle Lockhart, Plaintiff(s)

vs.

Smith s Food & Drug Centers, Inc.,

Defendant(s)

CASE NO: A-20-821104-C
DEPT. NO: XXXII

### COMMISSIONER'S DECISION ON REQUEST FOR EXEMPTION

REQUEST FOR EXEMPTION FILED ON: November 04, 2020

EXEMPTION FILED BY: __Plaintiff__     OPPOSITION: __No__

### DECISION

Having reviewed the Request for Exemption, and all related pleadings, the Request for Exemption is hereby GRANTED.

DATED this 19th of November, 2020.

_____
ADR COMMISSIONER

ADR
COMMISSIONER
EIGHTH JUDICIAL
DISTRICT COURT

1

# NOTICE

Pursuant to Nevada Arbitration Rule 5(D), you are hereby notified you have five (5) days from the date you are served with this document within which to file written objections with the Clerk of Court and serve all parties. The Commissioner's Decision is deemed served three (3) days after the Commissioner's designee deposits a copy of the Decision in the U.S. Mail. **Pursuant to NEFCR Rule 9(f)(2) an additional 3 days is not added to the time if served electronically (via e-service).**

**A copy of the foregoing Commissioner's Decision on Request for Exemption was electronically served, pursuant to N.E.F.C.R. Rule 9, to all registered parties in the Eighth Judicial District Court Electronic Filing Program on the date of e-filing.**

*If indicated below*, a copy of the foregoing Commissioner's Decision on Request for Exemption was also:

☐ Placed in the folder of counsel maintained in the Office of the Clerk of Court on _____, 2020.

☐ Mailed by United States Postal Service, Postage prepaid, to the proper parties listed below at their last known address(es) on _____, 2020.


/s/  Lisa Kaba
ADR COMMISSIONER'S DESIGNEE

2

**ADR COMMISSIONER**
EIGHTH JUDICIAL
DISTRICT COURT